UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 25-8059

ENVIRONMENTAL DEFENSE CENTER, et al.,
*Petitioners*,
v.
PIPELINE & HAZARDOUS MATERIALS SAFETY ADMINISTRATION, et al.,
*Respondents*.

No. 26-508

STATE OF CALIFORNIA,
*Petitioner*,
v.
PIPELINE & HAZARDOUS MATERIALS SAFETY ADMINISTRATION, et al.,
*Respondents*.

On Petition for Review of Actions by the Pipeline & Hazardous Materials Safety Administration

**MOTION TO CONSOLIDATE AND SET NEW BRIEFING SCHEDULE**

| | |
|---|---|
| Of Counsel: | ADAM R.F. GUSTAFSON |
| | *Principal Deputy Assistant Attorney General* |
| BENJAMIN FRED | |
| TIMOTHY O'SHEA | REBECCA JAFFE |
| KATHLEEN MAITLAND | MATTHEW R. OAKES |
| *Attorneys* | *Attorneys* |
| PHMSA | Environment and Natural Resources Division |
| | U.S. Department of Justice |
| CHARLES ENLOE | Post Office Box 7415 |
| *Attorney* | Washington, D.C. 20044 |
| U.S. Dept. of Transportation | matthew.oakes@usdoj.gov - (202) 598-0402 |

Respondent the Pipeline and Hazardous Materials Safety Administration (PHMSA) moves to consolidate two recently filed petitions that both challenge the same two PHMSA actions. The two petitions that should be consolidated are *Environmental Defense Center v. PHMSA*, No. 25-8059 (filed Dec. 24, 2025), and *State of California v. PHMSA*, No. 26-508 (filed Jan. 23, 2026). Both petitions challenge: (1) PHMSA's December 23, 2025, grant of an "Emergency Special Permit" to Sable Offshore Corp., pursuant to 49 U.S.C. Section 60118(c)(2)(A), that waives compliance with a specific federal regulatory provision; and (2) PHMSA's December 22, 2025, approval of a Restart Plan for the Las Flores Pipeline (designated CA-324 and CA 325) owned by Sable Offshore Corp. California's petition also challenges a December 17, 2025, letter in which PHMSA stated that the Las Flores Pipeline is an interstate pipeline subject to PHMSA's jurisdiction. No party opposes consolidation, and the parties have negotiated a proposed briefing schedule, should the Court consolidate these matters.

The three challenged actions are interrelated, and consolidation would promote judicial economy and prevent duplicative briefing and argument. "Consolidated review . . . avoids inconsistency and conflicts . . . while ensuring the timely and efficient resolution of administrative cases." *Ruud v. U.S. Dep't of Lab.,* 347 F.3d 1086, 1090 (9th Cir. 2003). "[I]t is more efficient for one three-judge panel to consider all the issues arising out of the same record than it is for

two or more three-judge panels to review the same record in order to adjudicate the issues separately." *United States v. Reese*, 993 F.2d 254, 256 (D.C. Cir. 1993). This Court consolidates petitions for review challenging related actions. *See Lloyd v. U.S. Dep't of Lab.*, 637 F.2d 1267, 1268 (9th Cir. 1980) (petitions "were consolidated because they arise from a common factual setting or because they involve a common legal issue-namely").

The Federal Rules of Appellate Procedure authorize consolidation. "When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2). "Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice . . . ." *United States v. State of Wash.*, 573 F.2d 1121, 1123 (9th Cir. 1978). Although Rule 3(b)(2) references notice of appeal, courts have also applied the rule to petitions for review. *E.g., Legal Env't Assistance Found., Inc. v. U.S. E.P.A.*, 400 F.3d 1278, 1279 (11th Cir. 2005) (sua sponte consolidating under Federal Rule of Appellate Procedure 3(b)(2) petitions that were "factually similar and procedurally identical").

This Court has held that "each of the matters to be consolidated must be within the jurisdiction of the court." *United States v. State of Wash.*, 573 F.2d 1121, 1123 (9th Cir. 1978). The federal government cannot represent—at this

preliminary stage—that the Court has jurisdiction over both petitions and all the claims that Petitioners may raise. But the United States does not challenge the timeliness of the petitions for review, and timeliness is the primary concern of Rule 3(b)(2): "When the parties have filed separate *timely* notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2) (emphasis added).

The parties have agreed to jointly propose the following briefing schedule:

| **Brief** | **Party** | **Deadline** |
| --- | --- | --- |
| Opening Brief | Petitioners in original Case No. 25-8059 (NGO Petitioners) | March 23 |
| Opening Brief | Petitioners in original Case No. 26-508 (State Petitioners) | March 23 |
| Combined Answering Brief | Federal Respondents | May 8 |
| Intervenors' Brief | | May 18 |
| Optional Reply Briefs | All Petitioners | June 8 |

The Court should consolidate because both petitions challenge the same two PHMSA actions, and because all actions challenged are interrelated. The motion for an extension of time to file the opening brief in Case No. 25-8059 is due to new extraordinary and compelling circumstances, namely, the filing of a related case by the California Attorney General in Case No. 26-508.

                                        Respectfully submitted,

                                        ADAM R.F. GUSTAFSON
                                        *Principal Deputy Assistant Attorney General*

Of Counsel:                              ROBERT N. STANDER
                                        *Deputy Assistant Attorney General*
BENJAMIN FRED
TIMOTHY O'SHEA
KATHLEEN MAITLAND         /s/ *Matthew R. Oakes*
*Attorneys*                              REBECCA JAFFE
Pipeline and Hazardous Materials Safety  MATTHEW R. OAKES
Administration                       *Attorneys*
                                        Environment and Natural Resources Division
CHARLES ENLOE               U.S. Department of Justice
*Attorney*                               Post Office Box 7415
U.S. Dept. of Transportation        Washington, D.C. 20044
                                        (202) 598-0402
                                        matthew.oakes@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), this document contains 660 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

<u>/s/ *Matthew R. Oakes*</u>
MATTHEW R. OAKES
*Attorney*