UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 25-8059, consolidated with No. 26-508

ENVIRONMENTAL DEFENSE CENTER, et al.,
*Petitioners*,
v.
PIPELINE & HAZARDOUS MATERIALS SAFETY ADMINISTRATION, et al.,
*Respondents*.

On Petition for Review of Actions by the Pipeline & Hazardous Materials Safety
Administration

**RESPONDENTS' MOTION TO EXTEND DEADLINE TO FILE
ANSWERING AND RESPONSE BRIEFS**

Pursuant to Fed. R. App. P. 26(b), the Government respectfully moves for an additional 12 days—until May 20, 2026—in which to file its consolidated answering brief in these cases, and to also extend Respondent-Intervenors separate answering brief deadline to May 20, 2026. This is the first extension of time sought by the Government on this petition. The Government has consulted with counsel for Petitioners. Environmental Petitioners and California plan to file a response to this motion. Counsel for intervenor has represented that his client does not oppose, with the understating that this motion also seeks an extension of its separate answering brief deadline.

The Court may grant a motion for an extension of time upon a showing of good cause. Fed. R. App. P. 26(b); *State of Or. v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982) (per curiam). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Courts should grant reasonable requests for extensions of time "[w]here, as here, there is no indication of bad faith, prejudice, or undue delay." *Id.* at 1263.

The attached Declaration of Matthew R. Oakes, the Department of Justice attorney with primary responsibility in this case, explains in detail the circumstances giving rise to the Government's good cause for an extension. Briefly stated, on April 28, 2026, Mr. Oakes reviewed a report that relayed additional information concerning an inspection that is relevant to Petitioners' challenges. Review of this report indicated that specific documents had been considered by PHMSA prior to issuing the December 17, 2025, letter challenged by California. This more detailed report, combined with the referenced documents, consists of more than 2500 hundred pages of information which are part of the administrative record. Additionally, these documents concern the operational details of the Santa Ynez pipeline, and the United States must provide the owner of that pipeline an opportunity to review and redact any privileged

1

information or any information that, if public, would present a security risk to energy infrastructure.

The requested extension will allow the United States to conduct appropriate privilege and confidentiality review and to file an amended certified index listing these additional documents to complete the administrative record.

For these reasons and those set out in the following Declaration, the Government requests a 12-day extension.

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR
EXTENSION OF TIME TO FILE**

I, Matthew R. Oakes, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney in the Appellate Section of the Environment & Natural Resources Division of the U.S. Department of Justice. I am charged with primary responsibility for representing the Government in these petitions for review.

2. This is the first extension of time requested by the United States.

3. The United States is unable to meet the current deadline for filing an Answering Brief due to the recent discovery of additional record documents.

4. The Government needs an additional 12 days to allow the Pipeline and Hazardous Materials Safety Administration (PHMSA) time to review additional record documents and redact privileged and confidential information, and to allow counsel to review the more than 2,500 pages of potential additional record documents.

5. This case, *inter alia*, involves a challenge to a December 17, 2025, letter issued by PHMSA indicating that PHMSA has jurisdiction over the Santa Ynez pipeline.

3

6. In the Administrative Record supporting issuance of that December 17, 2025, letter PHMSA included a three-page "inspection output report" that documented its inspection of the pipeline at issue in this case.

7. On April 28, 2026, I reviewed a more detailed inspection report that PHMSA's records system was able to generate. The more detailed report relays additional information that PHMSA considered as part of its determination that it has jurisdiction over the pipeline.

8. Review of the more detailed inspection report revealed that PHMSA, in its inspection, had reviewed a number of additional documents, and many of those documents were shared with undersigned counsel on April 29, 2026, and on May 1, 2026.

9. The more detailed inspection report and referenced documents are properly part of the administrative record in this case, and need to be reviewed, redacted, and produced to all parties. These documents concern the operational details of the Santa Ynez pipeline, and the United States must provide the owner of that pipeline an opportunity to review and redact any privileged information or any information that, if public, would present a security risk to energy infrastructure.

10. PHMSA needs to submit an amended certified index of the administrative record.

11. These additional record documents need to be reviewed by undersigned counsel and references to these documents, if appropriate, should be incorporated into the United States' Answering Brief.

12. The review, redaction, and production process plus incorporating references to these documents into the United States' Brief will take an additional 12 days.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

/s/   *Matthew R. Oakes*
MATTHEW R. OAKES
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
matthew.oakes@usdoj.gov

May 1, 2026
DJ # 90-13-1-18076

5

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This document complies with the length limitation of Circuit Rule 27-1(1)(d) because it is 836 words, including words in the Addendum.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Matthew R. Oakes*
MATTHEW R. OAKES
*Attorney*

6