

CALIFORNIA
**DEPARTMENT OF JUSTICE**

**Rob Bonta**
**Attorney General**

600 WEST BROADWAY, SUITE 1800
SAN DIEGO, CA 92101

Public: (619) 738-9000
Telephone: (619) 321-5780
Facsimile: (916) 732-7920
E-Mail: Rafael.Hurtado@doj.ca.gov

June 12, 2026

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:     **Petitioner State of California's Response to Respondent PHMSA's Rule
        28(j) Letter Dated June 5, 2026, Docket No. 86.1**
        *State of Cal. v. Pipeline and Hazardous Materials Safety Admin., et al.*
        U.S. Court of Appeals for the Ninth Circuit, Case Nos. 25-8059; 26-508;
        oral argument date: July 7, 2026 (Courtroom 1)

Dear Ms. Dwyer:

We write in response to PHMSA's letter regarding *Flowers Foods v. Bock*,

146 S. Ct. 1358, 1365 (2026). *Flowers Foods* interpreted an exemption under the

Federal Arbitration Act ("FAA"), for "'workers engaged in … interstate

commerce.'" 146 S. Ct. at 1363 (quoting 9 U.S.C. § 1). The Court rejected an

employer's "bright-line" proposal that "an individual can *never* qualify for [that]

exemption unless he crosses state lines or interacts with vehicles that do." *Id.* at

1365-66 (emphasis added). That conclusion was based largely on what it means for

June 12, 2026
Page 2

an individual to "engage" in interstate commerce—*id.* at 1363-64—a term that the Supreme Court's opinions had used before the FAA's enactment, *id.* at 1364-65.

*Flowers Food* has no relevance here. The Pipeline Safety Act under section 60101(a)(8) does not ask whether an entity is engaged in interstate commerce; instead, it applies to "*a . . . pipeline facility used to transport* [oil] in interstate . . . commerce" (emphasis added), so depends on where that facility begins and ends. *See* Cal. Opening Br. 25. Different statutes contain different definitions of interstate commerce, and those definitions differ from the meaning of interstate commerce under the Commerce Clause. *See Flower Foods,* 146 U.S. at 1365 ("We do not mean to suggest that the scope of § 1 is coterminous with the scope of the Commerce Clause . . . .").

Indeed, "interstate or foreign commerce" does not even have the same meaning within different sections of the Pipeline Safety Act itself. *Compare* 49 U.S.C. § 60101(a)(8)(A), *with id.* § 60101(a)(8)(B). As that comparison underscores, Congress chose a narrower definition of interstate commerce for oil pipelines than for gas pipelines, declining to extend to the first commerce that merely "affects any commerce" between states. Respondent acknowledges this, noting that the U.S. Department of Transportation amended its regulations from prior definitions of "interstate pipeline" and "intrastate pipeline," which had been

June 12, 2026
Page 3

linked to FERC jurisdiction, to new definitions "to track more closely with the language of the Hazardous Liquid Pipeline Safety Act." PHMSA Br. 6-7 (citing 50 Fed. Reg. 15,895, 15,897 (Apr. 23, 1985)).

Sincerely,

*/s/ Rafael J. Hurtado*
RAFAEL J. HURTADO
Deputy Attorney General

For   ROB BONTA
Attorney General

Counsel for Petitioner
State of California

cc: Counsel of record (via ACMS)

# CERTIFICATE OF SERVICE

Case Name:  **California v. PHMSA**          No.  **26-508**

I hereby certify that on June 12, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Petitioner State of California's Response to Respondent PHMSA's Rule 28(j) Letter Dated June 5, 2026, Docket No. 86.1**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 12, 2026, at San Diego, California.

| J. Llorens | */s/ J. Llorens* |
|:---:|:---:|
| Declarant | Signature |